IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PHILIPPE PADIEU, #1579307, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-631-JDK-KNM |
| LISA PHILIPS, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Philippe Padieu, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Plaintiff's motion for temporary injunctive relief. Docket No. 32. On December 2, 2021, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the motion. Docket No. 47.

In his motion, Plaintiff argues that his HIV medication—Tenofovir DF—is dangerous because of pending state litigation in California. Docket No. 32. Seeking a cease-and-desist order from this Court, Plaintiff maintains that prison officials are "failing to act" by administering the medication to him and other prisoners—thereby violating his constitutional rights and placing him in imminent danger of serious

1

bodily harm. Specifically, Plaintiff stated that prison officials have failed to "stop issuing out" the dangerous medication.

In the Report, Judge Mitchell determined that Plaintiff failed to meet the heightened burden required for a preliminary injunction or temporary restraining order. Docket No. 47. Specifically, the Report explains that Plaintiff failed to demonstrate (1) a *substantial likelihood* of success on the merits, or (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted. Plaintiff's disagreement with his medication—in other words, a disagreement with treatment provided—fails to demonstrate substantial likelihood of success concerning this claim of deliberate indifference. Moreover, as Judge Mitchell reasoned, Plaintiff can avoid this alleged harm by forgoing this medication.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff argues that the medication Tenofovir DF 300 is currently in litigation and will be "barred." Docket No. 51 at 2). Without an injunction, Plaintiff maintains that "significant damages to the Plaintiff and all patients (HIV) taking it in TDCJ will die[sic]." *Id*. He explains that he cannot stop

2

taking the medication because doing so could result in disciplinary actions and could affect his parole. *Id.* Plaintiff further argues that "the very fact that Defendants are continuing to [administer] the deadly prodrug Tenofovir DF 300 is proof and exemplifies deliberate indifference & impunity." *Id.*

The Court agrees with Judge Mitchell's Report. As the Report explained, a party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003). In other words, if a plaintiff cannot satisfy even one of the necessary elements, a preliminary injunction will be denied.

Here, Plaintiff's statement that the medication will be barred once pending litigation in California is resolved is purely speculative and does not support the extraordinary remedy of a preliminary injunction. As explained in the Report, it is extremely difficult to demonstrate deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The Fifth Circuit has explained that in the medical care context, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice

3

do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Moreover, "medical records of sick calls, examinations, diagnosis, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41F.3d 232, 235 (5th Cir. 1995).

Further, it is well settled that a challenge or disagreement with the type of medical treatment or care received does not demonstrate deliberate indifference. *See Petzold v. Rostollan*, 946 F.3d 242, 250- 51 (5th Cir. 2019) ("But, because medical treatment was provided, even if it was negligent, disagreed-with, and based on a perfunctory and inadequate evaluation, it was not denied. Under governing precedent, imperfect treatment does not equal denied treatment. And a disagreement with recommended treatment is generally insufficient to show deliberate indifference.").

Here, Plaintiff's disagreement with the medication he is receiving does not show a substantial likelihood of success on the merits of his deliberate indifference claim. Because Plaintiff can decline the medication, he failed to demonstrate a substantial threat exists that irreparable harm will result if the injunction is not granted. Refusing the medication can avoid its alleged danger. Plaintiff argues that refusal to take the medication risks a disciplinary case or could affect his parole. But receiving a disciplinary case is not irreparable harm, and any effect on his parole is speculative and triggers no constitutional considerations. *See Williams v. Dretke*, 306 F. App'x 164, 166 (5th Cir. 2009) ("Texas prisoners have 'no constitutional expectancy

4

of parole' and, thus, any effect that the punishment had on Williams's parole eligibility could not support a constitutional claim."). Ultimately, because Plaintiff failed to meet at least two of the required elements of a preliminary injunction, the recommendation to deny his motion is correct.

Having conducted a de novo review of the record in this case, the Magistrate Judge's Report, and Plaintiff's objections the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 47) as the opinion of the District Court and **DENIES** Plaintiff's motion for temporary injunctive relief (Docket No. 32).

So **ORDERED** and **SIGNED** this **4th** day of **January, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE