IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PHILIPPE PADIEU, #1579307 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv631 |
| LISA PHILIPS, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Philippe Padieu, a prisoner confined at the Beto Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report concerns Defendants' motion to dismiss, (Dkt. #35), and Defendants' motion for summary judgment limited to the failure to exhaust required administrative remedies, (Dkt. #41). For reasons explained below, the Court recommends that that both motions be granted. By separate order, based on Plaintiff's evidence submitted under Rule 56 in response to Defendants' motion for summary judgment, the Court requires a response from Plaintiff on why sanctions should not be imposed for his fraudulent evidentiary submissions.

**I. Plaintiff's Amended Complaint**

Plaintiff's amended complaint, (Dkt. #25), is the operative pleading in this lawsuit. An amended complaint entirely supersedes and takes the place of an original complaint. *See Clark v. Tarrant Cnty., Tx.*, 798 F.2d 736, 740 (5th Cir. 1986). In his original complaint, Plaintiff alleged that Defendants Phillips and Sizemore failed to renew his HIV medication in June of 2020. He

1

also maintained that both those Defendants failed to adequately respond to his grievances and did not address his complaint about the efficacy and safety of the HIV medication Tenofovir.

In his amended complaint, Plaintiff reasserted his claims against Defendants Phillips and Sizemore and added additional defendants. He claims that in June 2020, his HIV prescription was not renewed—and that he went without treatment for HIV for eleven days. Plaintiff states that Defendants Assava and Chastain then refilled his prescription of Tenofovir DF 300, which is a dangerous drug. Plaintiff maintains that all named Defendants acted with deliberate indifference to his serious medical needs because they are all aware that Tenofovir DF 300 is dangerous and are intentionally prescribing it to him to harm him. Plaintiff seeks an injunction ordering Defendants to stop issuing the dangerous medication to him and all other HIV-positive prisoners as well as monetary damages.

## II. Defendants Lumpkin and Stiefer's Motion to Dismiss

Defendants Lumpkin and Stiefer move for dismissal because they maintain that Plaintiff removed both of them from this lawsuit when he filed his amended complaint. Specifically, Defendants contend that Plaintiff's amended complaint, which is the operative pleading, neither names Lumpkin nor Stiefer and includes no factual allegations against them. Defendants request that they be dismissed from this proceeding and that a final judgment be entered pursuant to Rule 58(a) of the Federal Rules of Civil Procedure.

## III. Defendants' Motion for Summary Judgment on Exhaustion

Defendants further maintain that Plaintiff failed to exhaust his required administrative remedies on one of his claims—namely, Plaintiff's claim that Defendants prescribed him a dangerous HIV medication to harm him. Defendants therefore seek a partial dismissal of that unexhausted claim.

**IV. Plaintiff's Response**

After Defendants filed their motion for summary judgment on exhaustion, Plaintiff filed a "motion for dismissal of the Defendants' motion for summary judgment limited to the issue of exhaustion of administrative remedies," (Dkt. #44). Plaintiff asserts that Defendants have failed to "show proper cause and meet the burden of proof" for competent summary judgment evidence. Specifically, Plaintiff states that Defendants' motion has become "moot" because the Defendants have not stopped prescribing the "deadly prodrug Tenofovir DF 300" to him.

In response to the exhaustion question, Plaintiff attached his Step One (as his Exhibit A) and Step Two grievance (as his Exhibit B), grievance number 2020139277. Plaintiff argues that these grievances illustrate proper exhaustion: The Step One purportedly shows that (1) he grieved his claim that he is "against" his HIV medication; (2) the HIV medication caused permanent damages to his kidneys; and (3) the response from prison officials to his Step One demonstrates that Plaintiff "requesting change of the dangerous HIV medication, Tenofovir DF 300," (Dkt. #44, pg. 6).

The attached Step Two grievance, Plaintiff contends, illustrates proper exhaustion because (1) the Step Two "identified same issue of claim, Defendants refusing to change dangerous HIV medication, which has caused permanent kidneys, bladder and liver damages to the Plaintiff." *Id.* at pg. 9. As a whole, Plaintiff asserts that his Step Two grievance "shows the Plaintiff filed 2 grievance forms on the same claim & issue, the dangerous HIV prescr[iption], and was not a new claim and [is] proper exhaustion." *Id.*

**V. Legal Standards**

1. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fails to state a claim upon which relief may be granted." A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2. Motions for Summary Judgment

A court shall grant summary judgment only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. In determining whether there is a genuine dispute of a material fact, the court must examine the evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. *See S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1994). Summary judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).

The Fifth Circuit has held that summary judgment disposition is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *See Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). It is not the function of the trial judge—in ruling on a motion for summary judgment—to weigh the evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence. *Id*. at 567 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

**VI. Discussion and Analysis**

As mentioned, Defendants Lumpkin and Stiefer move for dismissal, (Dkt. #44). The remaining Defendants seek a partial dismissal for Plaintiff's alleged failure to exhaust one claim. Both issues will be addressed in turn.

### 1. Defendants Lumpkin and Stiefer

Plaintiff named and raised claims against Defendants Lumpkin and Stiefer in his original complaint, (Dkt. #1). Plaintiff sought leave to file an amended complaint, which was granted—and the Court accepted Plaintiff's amended complaint, (Dkt. #25), as the operative pleading in this proceeding. But Plaintiff omitted Defendants Lumpkin and Stiefer and any claims against them from his amended complaint. Because an amended complaint entirely supersedes an amended complaint and takes the place of the original complaint—further supported by the fact that neither Defendant Lumpkin nor Stiefer is mentioned in the amended complaint—all claims against them should be dismissed, without prejudice. *See Carr v. City of Spring Valley Village*, 2022 WL 1553529, at *3 (5th Cir. May 17, 2022) ("It is settled in this Circuit that 'an amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to an adopts or incorporates by reference the earlier pleading."); *Clark*, 798 F.2d 736, 740 (5th Cir. 1986).

### 2. Exhaustion of Administrative Remedies

It is undisputed that Plaintiff exhausted his claim concerning the failure to provide him his HIV medications for eleven days. But the present question before the Court is whether Plaintiff exhausted his claim that Defendants were purposely prescribing the dangerous HIV medication, Tenofovir DF 300, intentionally to cause Plaintiff harm. A review of the summary judgment evidence submitted by both parties reveals that the answer is no—Plaintiff did not exhaust this

claim. In fact, the competent summary judgment evidence reveals that—in an attempt to refute Defendants' motion for summary judgment on exhaustion—Plaintiff submitted falsified grievances.

In his amended complaint, (Dkt. #25), Plaintiff contends that Defendants prescribed—and continue to prescribe—an HIV medication known to be dangerous, Tenofovir DF 300, to cause him harm. Specifically, Plaintiff asserts that the medication "caused deaths, kidney failures, bone loss, and damages to the Plaintiff" and that there is pending litigation about this medication. However, Defendants are still prescribing the medication to all offenders with HIV.

### a. Grievance Number 2020139277

Defendants submit that Plaintiff filed one single grievance between June 11, 2020, and January 1, 2021—grievance number 2020139277. Defendants filed the relevant grievance records with an affidavit of their business custodian, certifying they are true and accurate records regularly maintained. In his Step One grievance, number 2020139277, submitted to prison officials at the Beto Unit on June 22, 2020, Plaintiff stated the following:

> Offender's HIV medications, Tivicay 80 MG, LamiVUDINE 300 mg, Tenofevin [sic] 300 tablets expired on 6/14/2020. Life saving medications for HIV treatment was terminated, never renewed[] by the medical staffs; putting the offender's life in danger. Attachement [sic] is with this form.

> Offender filed an I-60, Inmate Official Request, to renew his HIV medications on 6/17/2020. The Medical Department, as of yet, has not renewed the Offender's HIV medications, or answered or returned the I-60 form request, as of 6/21/2020. Offender has been without proper HIV medication for over (1) week. In violations of the Doctor's prescribed treatment for HIV. And in violations of Procedure and Guidelines Policies, by UTMB/CMHC/TDCJ, and the Nursing Practice Act, to provide proper medical care for chronic illnesses (HIV).

> The Medical Department Staff nurse, who was passing out medications pills on 6/19/2020, was made aware of the Offender's problem of not having his HIV pills medications renewed, and took the Offender's name and number. Stating "she was sorry" "but the medical staffs would have to resolve[] this issue" of renewing the offender's HIV medications.

6

The Nurse's Manager, through a combination of medical indifference and negligences [sic], has yet to show interest or attention and had shown a lack of proper care. The Medical Staff's Supervisor has not returned Offender's I-60 form (filed 6/17/20) or renewed his HIV treatment medications. Offender's life saving treatments, his HIV medications, allows him to remain[] "undectable" [sic] through his immune system (CD-4) count. This treatment has now been altered. His HIV medications need to be renewed; his treatment need to resume.

Please engage the medical staff to renew the offender's HIV medication and treatment as soon as possible.

(Dkt. #41, pg. id. #331-32) (Defendants' Exhibit A, pg. 4 of 5). On July 20, 2020, Defendant

Phillips responded to this Step One grievance as follows:

Record review shows your [sic] submitted a sick call on 6-22-20 asking for medication renewals for your meds that expired on 6-14-2020. A chart review was done on 6-24-2020 and medications were renewed. Compliance shows your [sic] received the medications on 6-25-2020. This grievance is resolved.

*Id.* at pg. id. #332 (Defendants' Exhibit A, pg. 5 of 5).

Dissatisfied with the response to his Step One, Plaintiff filed his Step Two appeal on July 29, 2020. His Step Two grievance reads as follows:

The Step 1 Resolution does not acknowledge any wrong doing from the Medical Officials, Nurse Manager, Lisa Phillips, who reviewed the chart on 6-24-20; a week and 4 days after my/offenders HIV medication/treatment expired. Did not renew the treatment/meds until 6/25/20 per I-60 grievance form on record. Knowingly, maliciously, intentionally causing substantial irreversible permanent harms to my immune system. Stopping, altering the CD-4 counts from above 400 (undetectable-stage 1) to Detectable stage 2 HIV/AIDS below 400. All medical officials involved, NM Lisa Phillips, the Senior Practice Manager Pam Pace, MT Egan, who should have renewed the HIV meds/treatments beforehand, had full knowledge that stopping medication/treatment for 11 days had put me in substantial risks and this practice was intended to cause great harm.

The resolution does not acknowledge any wrong doing from any of these medical officials. It does not changed [sic] this practice, in any way, enable them to do further harms, withhold any evidence of harms, violations of procedures and guidelines by UTMB/CMHC/TDCJ and the nursing practice act to provide proper medical care for serious chronic illnesses. And a violation[] of my 8th Amendment Constitutional right[] against cruel and unusual punishment. The resolution does [sic] punished [sic] any official and give them immunity to do further harms.

> Medical officials involved failed to comply, refused, did not renew my HIV meds/treatment at the appropriate time, had knowledge, putting me at a substantial risks and caused permanent, irreversible damages to my immune system.
>
> Mutually and exclusively, the same officials changed my previous HIV medications to cheaper generic medications. Withholding all knowledge, gave no reason for the change knowing full well the previous medications had caused permanent damages to my kidneys, livers, bladder and Federal lawsuits had been awared [sic] litigated. Officials waited years to switched the medications and are still withholding all knowledge of such. The course of stopping my HIV treatments [posed] substantial risk and was grossly inadequate, official should be removed from their position of authority, held criminal liable and responsible.

(Dkt. #41, pg. id. #329-330) (Defendants' Exhibit A, pg. 2-3 of 5).

As Defendants maintain, it is clear from this grievance that Plaintiff exhausted his claim that Defendants failed to renew his HIV medication for eleven days. Plaintiff did not, however, exhaust his claim concerning Defendants' knowingly prescribing dangerous HIV medication, Tenofovir DF 300, intentionally to cause him harm.

It is well-settled that prisoners must exhaust any and all administrative remedies before proceeding in federal court. *See Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (explaining that pre-filing exhaustion is both mandatory and non-discretionary). Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The purpose of the prison exhaustion requirement is to "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *See Bisby v. Garza*, 342 F. App'x 969, 971 (5th Cir. 2009); *see also Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) (explaining that the primary purpose of a grievance is to give prison officials fair opportunity to address the problem that will later form the basis of the lawsuit; *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (interpreting the exhaustion

requirement in light of its purpose, which "include the goal of giving officials time and opportunity to address complaints internally.") (internal quotations and citation omitted).

The exhaustion provision was unanimously upheld by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). The Court subsequently held that exhaustion is mandatory and that the requirement will not be excused when an inmate fails to properly exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Id.* at 90-91. The Fifth Circuit recently reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The Supreme Court elaborated further about the exhaustion requirement in *Jones v. Bock*, 549 U.S. 199 (2007). It was noted that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. In light of *Jones v. Bock*, the Fifth Circuit provided guidance concerning how the exhaustion question should be handled in *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010). The following procedures were outlined:

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA. When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary.

*Id.* at 272-73.  A prisoner's failure to exhaust certain claims before filing suit in federal court is fatal to those unexhausted claims only.  *See Jones*, 549 U.S. at 924 ("There is no reason failure to exhaust on one [claim] necessarily affects any other.").

Because the entire purpose of an administrative grievance is to give prison officials notice and an opportunity to address a problem internally, a prisoner is not necessarily required to name specific defendants in his grievances.  *See Jones*, 549 U.S. at 217 ("The PLRA requires exhaustion of such administrative remedies as are available, 42 U.S.C. § 1997e(a), but nothing in the statute imposes a 'name all defendants' requirement along the lines of the Sixth Circuit's judicially created rule.") (internal citation and quotations omitted); *Patterson*, 547 F. App'x at 511 ("Nothing in the PLRA requires prisoners to identify all defendants that they later sue."); *Johnson*, 385 F.3d at 522 ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation."); *see also Brown v. Sikes*, 212 F.3d 1205, 1207-10 (11th Cir. 2000) (rejecting a rule that a prisoner must always name defendants in his grievance).

TDCJ provides a two-step procedure for processing prisoner grievances.  *See Johnson*, 385 F.3d at 515-16. A TDCJ prisoner must properly complete both the Step One grievance and the Step 2 appeal grievance in order to properly and fully exhaust his required administrative remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). A Texas prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement and mere substantial compliance is insufficient. *Dillon*, 596 F.3d at 268. A Texas prisoner may raise only one issue in a single grievance. *See Randle v. Woods*, 299 F. App'x 466, 467 (5th Cir. 2008) (explaining that

TDCJ requires "only one issue per grievance be presented and that each issue have been filed at [the] Step One" stage) (unpublished).

Here, the competent summary judgment evidence reveals that during the relevant time period, Plaintiff filed one grievance—grievance number 2020139277. Plaintiff completed both steps of the process. However, while he exhausted his claim that prison officials failed to renew his HIV prescription for eleven days in both his Step One and Step Two—demonstrating compliance with TDCJ's procedural rules—he only raised his claim concerning the alleged dangerousness of Tenofovir DF 300 or his changing of his medication in his Step Two appeal.

In other words, Plaintiff raised new issues in his Step Two grievance appeal that he did not raise in his Step One grievance. Accordingly, he did not comply with TDCJ's procedural requirements and therefore failed to exhaust this specific claim. *See Bangmon v. Alexander*, 2021 WL 3477490, at *3 (5th Cir. 2021) ("In an unpublished opinion, we held that a prisoner did not exhaust administrative remedies when he raised issues for the first time in step two of the grievance process. That conclusion is correct, and we will not repeat that panel's analysis.") (unpublished) (citing *Randle*, 299 F. App'x at 467). Defendants' motion for summary judgment on this basis should be granted.

Plaintiff insists that he did, in fact, exhaust this particular claim regarding the dangerousness of Tenofovir DF 300. The competent summary judgment evidence, supported by a business record affidavit, shows otherwise. A close inspection of grievance number 2020139277 within both parties' summary judgment evidence shows that Plaintiff falsified his submitted grievances after Defendants filed their motion for summary judgment. In other words, Plaintiff submitted falsified evidence in an attempt to convince the Court that he properly exhausted.

As mentioned, Plaintiff attached grievance number 2020139277 to his motion/response to Defendants' motion for summary judgment wherein he requests that this Court reject all of Defendants' assertions on exhaustion, (Dkt. #44).  First, Plaintiff's submitted grievances include the Bates number Defendants used for identification purposes in their motion—indicating that these submissions stemmed from Defendants' disclosures of his grievances to him.

A close inspection of what Plaintiff characterizes as his "Step One" of grievance number 2020139277 shows that it has been altered from the original when compared to Defendants' submission of the same supported by a business record affidavit. Specifically, page two of Plaintiff's version of his Step One grievance is the second page of his Step Two appeal grievance in the version submitted by Defendants and certified as accurate by the Custodian of Records for the Inmate Grievance Department within TDCJ, (Dkt. #41, pg. id. #328). In other words, Plaintiff copied a portion of his Step Two grievance appeal into his Step One.

Defendants' certified submission of Plaintiff's Step One grievance in in grievance number 2020139277, appears as follows, (Dkt. #41):

Texas Department of Criminal Justice

**STEP 1**    **OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY |
| --- |
| Grievance #: 2020392277 |
| Date Received: JUN 2 2 2020 |
| Date Due: 8-6-20 |
| Grievance Code: 6016 |
| Investigator ID #: 120044 |
| Extension Date: |
| Date Retd to Offender JUL 2 1 2020 |

Offender Name: Philippe Padieu    TDCJ # 1579307

Unit: Beto-1 Unit    Housing Assignment: N-322 B

Unit where incident occurred: George Beto-1 Unit

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Medical Department Staff-Nurse Manager When? I-60 Filed 06/17/20

What was their response? No responses, as of 06/21/20, I-60 was never answered or returned

What action was taken? No action, taken by the Medical Staffs; Offender is now filing St-

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Offender's **HIV medications**, Tivicay 80 MG, LamiVUDINE 300MG, Tenofevin 300

Tablets; Expired on 06/14/2020. Life saving medications for HIV treatment,

was **temminated**, never **renewed**, by the medical staffs: putting the Offender's

life in danger.    Attachement is with this Form.

Offender filed an I-60, Inmate Official Request, to renew his HIV Medications,

on 06/17/2020. The Medical Department, as of yet, has not renewed the

Offender's HIV medications, or answered or returned the I-60 form request,

as of 06/21/2020. Offender has been without proper HIV medication for over

(1) week. In violations of the Doctor's prescribed treatment for HIV.

And in **violations** of Procedure and Guidlines Policies, by UTMB/CMHC/TDCJ,

and the Nursing Practice Act, to provide proper medical care for Chronic

Illnesses (HIV).

The Medical Department Staff Nurse, who was passing out medications pills on

06/19/2020, was made **awared** of the Offender's problem, of not having his

HIV pills medications renewed, and took the Offender's name and number.

Stating "She was sorry". "but the Medical Staffs would have to resolved this

issue". Of renewing the Offender's HIV Medications.

The Nurse's Manager, through a combination of Medical Indifferences and

Neglicences, has yet to show interest or attention and has shown a lack of

proper care. The Medical Staff's Supervisor, has not **returned** the Offender'

I-60 Form (filed 06/17/20) or **renewed** his HIV Treatment Medications.

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    JUN 2 2 (OVER)

JUL 0 7 2020    Exhibit A, Page 4 of 5    **PADIEU 70**
Appendix F

Case 6:20-cv-00631-JDK-KNM   Document 41-1 *SEALED*   Filed 11/01/21   Page 5 of 5
PageID #:  332

Offender's life saving treatments, his HIV Medications, allows him to remained
"undetectable", through his immune system (CD-4) count. This treatment has now
been altered. His HIV Medications needs to be renewed, his treatment need to
resume.

JUN 2 2 2020

Action Requested to resolve your Complaint.    Please engage the Medical Staffs to renew the

Offender's **HIV** Mediation and Treatment, As Soon as Possible.    JUN 2 2 2020

Offender Signature: _Philippe Padieu_                               Date: _06/22/20_

Grievance Response:

Record review shows you submitted a sick call on 6-22-2020 asking for medication renewals for your
meds that expired 6-14-2020. A chart review was done on 6-24-2020 and medications were renewed.
Compliance shows you received the medications on 6-25-2020. This grievance is resolved.

Signature Authority: _____        Lisa Phillips CNM Date: 7/26/20

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 form.

Returned because:        *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance # _____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

<table>
<tr><td colspan="2">OFFICE USE ONLY</td></tr>
<tr><td>Initial Submission</td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

Exhibit A, Page 5 of 5                              **PADIEU 71**<sub>Appendix F</sub>

Dkt. #41, pg. id. #331-32 (Defendants' Exhibit). Defendants' submission of Plaintiff's Step Two

grievance appeal appears as follows:

Case 6:20-cv-00631-JDK-KNM   Document 41-1 *SEALED*   Filed 11/01/21   Page 2 of 5
PageID #: 329

**Texas Department of Criminal Justice**

**STEP 2**

**OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2020139277 |
| UGI Recd Date: | AUG 1 7 2020 |
| HQ Recd Date: | AUG 2 4 2020 |
| Date Due: | 10-1 |
| Grievance Code: | 1011 0 |
| Investigator ID#: | 10352 |
| Extension Date: | |

Offender Name: Philippe Padieu    TDCJ # 1579307

Unit: Beto-1    Housing Assignment: N-322  B

Unit where incident occurred: Beto-1 Medical Department

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).   *I am dissatisfied with the response at Step 1 because...*

The Step 1 Resolution does not acknowledge any wrong doing from the Medical Officials, Nurse Manager, Lisa Philips, who reviewed the chart on 6-24-20; a week and 4 days after my/offender's HIV Medication/Treatment had expired. Did not renewed the Treatment/Meds until 6/25/20, per I-60 Grievance Form on record.  Knowingly, maliciously, intentionaly causing substantial irreversible permanent harms, to my immune system. Stopping, altering the CD-4 counts, from above 400 (undetectable- stage 1) to Detectable stage 2 HIV/AIDS, below 400. All Medical officials involved, NM, Lisa Philips, the Senior Practice Manager, Pam Pace, MT, Egan; who should have renewed the HIV Meds/Treatments beforehand, had full knowledge that stopping the Medication/Treatments for 11 days, had put me in substantial risks, and this practice was intented to cause great harm.

The resolution, does not acknowledge any wrong doing from any of these medical officials. It does not changed this practice, in any way, enable them to do further harms, withhold any evidence of harms, violations of Procedures and Guidelines by UTMB/CMHC/TDCJ and the Nursing Practice Act to provide proper medical care for serious chronic illnesses. And a violations of my 8th Amendeme Constitutional rights against, cruel and unusual punishment. The Resolution does punished any official, and give them immunity to do further  harms.

Medical Officials, involved failed to comply, refused, did not renew my HIV Meds treatment at the appropriate time, had knowledge, putting me at a substantial risks and caused permanent, irreversible damages to my immune system.

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G

Exhibit A, Page 2 of 5    **PADIEU 68**

(Dkt. #41, pg. id. #329). Defendants' submission shows that Plaintiff continued grieving onto the

next page of his Step Two—beginning with "mutually and exclusively":

Case 6:20-cv-00631-JDK-KNM    Document 41-1 *SEALED*    Filed 11/01/21    Page 3 of 5
PageID #: 330

Mutually and Exclusively, the same that I changed my previous HIV Medication
to cheaper Genetric medications. Withholding all knowledge, gave no reason for
the change. Knowing full well, the previous medications had caused permanent
damages to my kidneys, livers, bladder, and Federal lawsuits had been awared,
litigated. Officials waited years, to swithed the medications and are still
withholding all knowledge of such. The course of stopping my HIV treatments
poised substantial risk and was grossly inadequate, official shoud be removed
from their position of authority, held criminaly liable and responsible.

Offender Signature: _Philipne Padieu_                     Date: _July 29 ,2020._

Grievance Response:

A review of the medical grievance and documentation has been completed regarding your medical complaint to refill your HIV medications.

According to medical documentation you submitted a Sick Call Request on 06/21/2020 to refill your HIV medications. The provider reviewed your chart 06/24/2020 and refilled these medications as requested. You also submitted a request to change your Tenofovir to daily to take with the other two in the morning. You continue to have a very low compliance with these medications.

It is your responsibility to present to the pill window to pick up your prescribed medications. You live in general population and have access to the pill window several times daily without an escort. It is within your best interest to participate in your own healthcare treatment plan by presenting yourself to the pill window to receive your prescribed medications. The review of the documentation indicates you did not attempt informal resolution of your medical concerns with the medical supervisory staff. Your facility has an informal complaints process in place. If you have future medical, dental, or psychiatric-related complaints, you must first attempt resolution through this process. Your access to medical treatment has not been denied or delayed. No further action is warranted at this time through the medical grievance process.

STEP II MEDICAL GRIEVANCE PROGRAM
OFFICE OF PROFESSIONAL STANDARDS
Signature Authority: TDCJ HEALTH SERVICES DIVISION          Date: 9.3.2020

| Returned because: *Resubmit this form when corrections are made. | OFFICE USE ONLY | |
|---|---|---|
| | Initial Submission | CGO Initials: _____ |
| ☐ 1. Grievable time period has expired. | Date UGI Recd: | |
| ☐ 2. Illegible/Incomprehensible.* | Date CGO Recd: | |
| ☐ 3. Originals not submitted. * | (check one) ____ Screened ____ Improperly Submitted | |
| ☐ 4. Inappropriate/Excessive attachments.* | Comments: | |
| | Date Returned to Offender: | |
| ☐ 5. Malicious use of vulgar, indecent, or physically threatening language. | 2nd Submission | CGO Initials: _____ |
| ☐ 6. Inappropriate.* | Date UGI Recd: | |
| | Date CGO Recd: | |
| | (check one) ____ Screened ____ Improperly Submitted | |
| | Comments: | |
| CGO Staff Signature: _____ | Date Returned to Offender: | |
| | 3rd Submission | CGO Initials: _____ |
| | Date UGI Recd: | |
| | Date CGO Recd: | |
| | (check one) ____ Screened ____ Improperly Submitted | |
| | Comments: | |
| | Date Returned to Offender: | |

I-128 Back (Revised 11-2010)            Exhibit A, Page 3 of 5            Appendix G
PADIEU 69

(Dkt. #41, pg. id. #330). Turning to Plaintiff's fraudulent submissions, he identifies his Exhibit A

as his version of the Step One grievance of grievance number 2020139277:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

PHILIPPE PADIEU,                §
  Plaintiff,                     §
                                 §
v.                               §        CIVIL ACTION No. 6:20-cv-631
                                 §
LISA PHILIPS, et al..            §
Defendants                       §

©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©©
PLAINTIFF'S MOTION FOR DISMISSAL OF DEFENDANT'S SUMMARY JUDGMENT
_____

EXHIBIT A

A. Plaintiff's Step-1 Offender Grievance Form.
     Dated : July 29,2020 - Responses dated:9-3-2020
        1. Material fact of Fair Notice
        2. Show claim, of Plaintiff against of HIV Medication
           (Back page) Mutually and Exculsively, HIV Medication
           caused permanent damages to Plaintiff's Kidneys,
              bladder and liver.
        3. (Grievance responses:) Plaintiff requesting change
           of the dangerous HIV medication, Tenofovir DF 300.
              Identifying the type of HIV medications the
                 Plaintiff's claim, in his suit.
              SHOWS PROPER EXHAUSTION

Dkt. #44, pg. id. #353. However, unlike Defendants' certified submission, Plaintiff's version of

his Step One grievance appears as follows, starting with the first page:

Texas Department of Criminal Justice

**STEP 1**    **OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2020397277
Date Received: JUN 2 2 2020
Date Due: 8-6-20
Grievance Code: 6616
Investigator ID #: 12644
Extension Date:
Date Retd to Offender: JUN 2 1 2020

Offender Name: Philippe Padieu    TDCJ # 1579307

Unit: Beto-1 Unit    Housing Assignment: N-322 B

Unit where incident occurred: George Beto-1 Unit

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Medical Department Staff-Nurse Manager When? I-60 Filed 06/17/20

What was their response? No responses, as of 06/21/20. I-60 was never answered or returned

What action was taken? No action, taken by the Medical Staffs; Offender is now filing St-

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

Offender's HIV medications, Tivicay 80 MG, LamiVUDINE 300MG, Tenofevin 300

Tablets; Expired on 06/14/2020. Life saving medications for HIV treatment,

was terminated, never renewed, by the medical staffs; putting the Offender's

life in danger.   Attachement is with this Form.

Offender filed an I-60, Inmate Official Request, to renew his HIV Medications,

on 06/17/2020. The Medical Department, as of yet, has not renewed the

Offender's HIV medications, or answered or returned the I-60 form request,

as of 06/21/2020. Offender has been without proper HIV medication for over

(1) week. In violations of the Doctor's prescribed treatment for HIV.

And in violations of Procedure and Guidlines Policies, by UTMB/CMHC/TDCJ.

and the Nursing Practice Act, to provide proper medical care for Chronic

Illnesses (HIV).

The Medical Department Staff Nurse, who was passing out medications pills on

06/19/2020, was made awared of the Offender's problem, of not having his

HIV pills medications renewed, and took the Offender's name and number.

Stating "She was sorry". "but the Medical Staffs would have to resolved this

issue". Of renewing the Offender's HIV Medications.

The Nurse's Manager, through a combination of Medical Indifferences and

Neglicences, has yet to show interest or attention and has shown a lack of

proper care. The Medical Staff's Supervisor, has not returned the Offender'

I-60 Form (filed 06/17/20) or renewed his HIV Treatment Medications.

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM

JUL 0 7 2020    Exhibit A, Page 4 of 5    **PADIEU 70**
Appendix F

The second page of Plaintiff's version of his Step One appears as follows—with the "mutually and exclusively" language that appears in Defendants' certified Step Two grievance:

Page 7

EXHIBIT A – Step-1 grievance form, filed by Plaintiff

Mutually and Exculsively, the same officials changed my previous HIV Medications to cheaper Genertic medications. Withholding all knowledge, gave no reason for the change. Knowing full well the previous medications had caused permanent damages to my kidneys, livers, bladder and federal lawsuits had been scored, litigated. Officials waited years, to swithed the medications and are still withholding all knowledge of such. The course of stopping my HIV treatments poised substantial risk and was grossly inadequate, official shoud be removed from their position of authority, held criminaly liable and responsible.

Offender Signature: _Philippe Padieu_                          Date: _July 29, 2020_

**Grievance Response:**

A review of the medical grievance and documentation has been completed regarding your medical complaint to refill your HIV medications.

According to medical documentation you submitted a Sick Call Request on 06/21/2020 to refill your HIV medications. The provider reviewed your chart 06/24/2020 and refilled these medications as requested. You also submitted a request to change your Tenofovir to daily to take with the other two in the morning. You continue to have a very low compliance with these medications.

It is your responsibility to present to the pill window to pick up your prescribed medications. You live in general population and have access to the pill window several times daily without an escort. It is within your best interest to participate in your own healthcare treatment plan by presenting yourself to the pill window to receive your prescribed medications. The review of the documentation indicates you did not attempt informal resolution of your medical concerns with the medical supervisory staff. Your facility has an informal complaints process in place. If you have future medical, dental, or psychiatric-related complaints, you must first attempt resolution through this process. Your access to medical treatment has not been denied or delayed. No further action is warranted at this time through the medical grievance process.

Signature Authority: _TDCJ He..._                                  Date: _9.3.2020_

Returned because:     *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted.*
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.*
☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

I-128 Back (Revised 11-2010)

Exhibit A, Page 3 of 6
Page 7 of 11

Appendix G
PADIEU 69

(Dkt. #44, pg. id. #355) (Plaintiff's summary judgment evidence).

Given the law on exhaustion in this circuit and Defendants' motion based on lack of exhaustion, it is clear that Plaintiff's falsification is an attempt to convince the Court that he raised these issues in his Step One grievance rather than for the first time in his Step Two grievance appeal. Plaintiff even crossed out Defendants' page numbers at the bottom of his grievance submissions in an effort to conceal his fabrication of the Step One grievance. He also added underlining. Defendants' submission of his Step One shows that he submitted it to prison officials on June 22, 2020—while Plaintiff is now representing to the Court that he submitted it on July 29, 2020—even though *his own version* shows that prison officials received the grievance on June 22, 2020, (Dkt. #44, pg. id. #354). He even asks this Court to outright reject Defendants' motion because of his own submissions, which appear fabricated.

Absent some plausible explanation by Plaintiff, this appears to be a flagrant attempt to deceive this Court. Such willful dishonesty and abuse of the litigation process cannot be permitted to stand. *See LBDS Holding Comp., LLC v. ISOL Tech., Inc.*, 2015 WL 12765990, at *3 (E.D. Tex. May 15, 2015) ("Finally, under Rule 56, a court may sanction a party that submits an affidavit or declaration in bad faith when responding to a motion for summary judgment."); *Smith v. Insurance Adjusters Grp.*, LLC, 2021 WL 5988253, at *2 (E.D. Tex. Dec. 17, 2021) ("Plaintiffs appeal to the inherent power of the Court to punish a party who falsifies evidence."). By separate order, the Court will require an explanation from Plaintiff.

The competent summary judgment evidence reveals that Plaintiff did not exhaust his claim concerning the alleged dangerousness of his HIV medication. Defendants are correct: Plaintiff raised a new issue in his Step Two grievance appeal, which does not comply with the prison's procedural rules and therefore cannot be characterized as exhausted. Unlike his claim concerning

the refusal/delay of receiving his HIV medication prescription for eleven days, this unexhausted claim cannot proceed.

**VII. Conclusion**

Defendant Lumpkin and Stiefer's motion to dismiss should be granted, as Plaintiff's amended complaint makes no mention or claim against them. Furthermore, the competent summary judgment evidence reveals that while Plaintiff exhausted his claim concerning Defendants' alleged failure to renew his HIV medication, he failed to exhaust his claim regarding the alleged dangerousness of Tenofovir DF 300. That claim should be dismissed.

<u>RECOMMENDATION</u>

It is recommended that Defendants' motion to dismiss, (Dkt. #35), be granted and that all claims against Defendants Lumpkin and Stiefer be dismissed, without prejudice. The Court further recommends that Defendants' motion for summary judgment, (Dkt. #41), be granted. Finally, the Court recommends that Plaintiff's motion, (Dkt. #44), be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 21st day of July, 2022.

21

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE